IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18CR3043 |
| vs. | ORDER |
| PHILLIP EUGENE SMITH, | |
| Defendant. | |

Defendant has moved to dismiss his appointed counsel, arguing that government funds are paying for his court-appointed attorney and therefore the attorney has a conflict of interest. (Filing No. 22). Defendant's motion states he wants a lawyer of his own choosing, and if that is not possible, his family will help him find (and perhaps pay for) a different attorney. Id. Based on these representations, Defendant is not asking to represent himself. He wants an attorney, but he wants to select that attorney, and the selected attorney cannot be paid by the government.

At Defendant's request, the court considered Defendant's financial circumstances, concluded Defendant cannot afford an attorney, and appointed an attorney to represent Defendant. Attorneys appointed to represent an indigent defendant do not bill the defendant for their work, but they also do not work for free. They are paid through government funding. This funding source does not, in and of itself, create a conflict of interest warranting withdrawal of court-appointed counsel.

Moreover, under the facts presented, granting Defendant's motion will not remedy the alleged funding conflict or allow Defendant to select the attorney of

his choice. All federal court-appointed attorneys are paid through government funding, and if the attorney is court-appointed, the court's selection process (see the Criminal Justice Act, 18 U.S.C. §3006A, and the Amended Criminal Justice Act Plan for the District of Nebraska) is used for appointing the attorney. So even if Defendant's current attorney is allowed to withdraw, the court (not the defendant) will again appoint the next attorney, and that attorney will be paid with government funds—leaving us right back where we started.

Defendant can certainly try to locate an attorney who will handle his case for little or no compensation, and he can ask his family for assistance in finding and paying for an attorney. But nothing in Defendant's motion justifies dismissing Defendant's appointed counsel at this time. If a new attorney is not only selected by Defendant, but also files an appearance advising the court that he or she will be representing Defendant in this lawsuit, the court-appointed defense counsel will be granted leave to withdraw. Until such time, and barring any currently unforeseen reason justifying withdrawal of counsel, Defendant will remain represented by his appointed attorney of record.

IT IS ORDERED that Defendant's motion for withdrawal of counsel, (Filing No. 22), is denied.

May 21, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge