IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

PHILLIP EUGENE SMITH,

Defendant.

4:18CR3043

ORDER

The defendant has moved for pre-trial identification of a confidential witness who engaged in oral communications with the defendant. (Filing No. 56). Defendant claims this confidential witness allegedly participated in a series of relevant conversations and recordings with him, and Defendant has been unable to identify the witness.

The defendant bears the burden of showing that his need for disclosure of the identity of a confidential informant outweighs the government's privilege to withhold the informant's identity. United States v. Faulkner, 826 F.3d 1139, 1147 (8th Cir. 2016). United States v. Lapsley, 263 F.3d 839, 841 (8th Cir. 2001). The defendant can satisfy this burden by showing that disclosure is relevant and helpful to his defense, material, or essential to a fair trial. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." United States v. Lapsley, 263 F.3d 839, 841 (8th Cir. 2001) (quoting Roviaro v. United States, 353 U.S. 53, 60-61 (1957)).

Courts must consider factors such as the crime charged, the possible defenses, the possible significance of the informer's testimony, and other

relevant factors in determining whether, on balance, the defendant's need for disclosure outweighs the public's interest in maintaining the confidentiality of informants. Carpenter v. Lock, 257 F.3d 775, 779 (8th Cir. 2001) (citing Roviaro, 353 U.S. 53, 60-61 (1957)). "The threshold issue in determining whether disclosure is required emerges from whether the informant is a material witness," (Faulkner, 826 F.3d at 1147), and "[d]isclosure of the confidential informant is not mandated unless it is vital to a fair trial." Carpenter, 257 F.3d at 779 (internal citations and quotations omitted). The government need not disclose the identity of a witness who assisted law enforcement by providing valuable initial information, but who will not testify at trial and did not witness or participate in any of the charged offenses. Faulkner, 826 F.3d at 1147.

Accordingly,

IT IS ORDERED that as to Defendant's motion for pre-trial disclosure of a confidential witness, (Filing No. 56), on or before January 29, 2019, the government shall either: 1) disclose the identity of the confidential witness referenced in Investigator J. Berlie reports (Bates #007-011, 024-028), or 2) file a statement advising the defendant and the court that the confidential witness will not testify at trial, and neither witnessed nor participated in the crimes alleged in the indictment.

January 24, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge