IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. PHILLIP EUGENE SMITH, Defendant. | 4:18-CR-3043 TENTATIVE FINDINGS |

The Court has received the presentence investigation report in this case. The defendant filed objections (filing 83) to the initial presentence report, and a motion (filing 85) for a downward variance.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant filed objections (filing 83) to the presentence report. The Court notes that none of those objections appear to have any effect on calculation of the Guidelines range. Nonetheless, if necessary, the Court will address any unresolved issues at sentencing.[1] The defendant also filed a motion for downward variance, based on his personal circumstances. Filing 85. The Court will resolve that matter at sentencing.

---

[1] The Court notes that the defendant mistakenly filed objections to the *initial* presentence report with the Court—instead of providing them to the probation office—and did so after the deadline for such objections had passed. *See* filing 81 at 4. Nor did the defendant renew those objections after the presentence report was provided to the Court.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 12th day of April, 2019.

BY THE COURT:

/s/ John M. Gerrard

John M. Gerrard
Chief United States District Judge